◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DIGUGLIEMO, Appellant.

The defendant's conviction of the crime of manslaughter in the second degree arose out of the fatal beating and drowning of Robert Nagengast on or about July 8, 1982. On the instant appeal, the defendant argues that the court erred in its charge on circumstantial evidence and in its *Sandoval* ruling.

We disagree with the defendant's arguments.

An examination of the record reveals that the court gave a detailed and extensive charge on circumstantial evidence which was very similar to that approved in the model jury charge on circumstantial evidence *(see,* 1 CJI [NY] 9.10 pp 480-483; *People v Barnes,* 50 NY2d 375).

With respect to the *Sandoval* issue, it was disclosed at the *Sandoval* hearing that the defendant previously had been

convicted of attempted robbery in the second degree and assault in the third degree. The court ruled that should the defendant take the stand, it would "not allow the District Attorney to cross-examine as to any of the underlying facts of any of the crimes charged, except to ask if he was previously convicted of a crime; not a felony, just a crime, so this way he will be able to take the stand if he so desires and tell his side of the story". On appeal, the defendant argues that the *Sandoval* ruling was erroneous and unduly prejudiced him because (1) the prior criminal acts were "remote in time from the trial, i.e., two to four years prior", and (2) the prejudice resulting from the defendant being precluded from taking the stand far outweighed the probative worth of this impeaching evidence.

We disagree. With respect to the defendant's first argument concerning the court's *Sandoval* ruling, our appellate courts have found similar time periods as not so remote in time as to preclude cross-examination concerning prior convictions *(see, e.g., People v McClain,* 107 AD2d 765 [three years]; *People v Farruggia,* 77 AD2d 447 [eight years]). With respect to the defendant's second argument concerning the *Sandoval* ruling, the court specifically considered the defendant's need to take the stand, and balanced this against the prejudicial effect the impeachment evidence would have upon him. Accordingly, it limited cross-examination to merely asking if the defendant was "previously convicted of a crime", and prohibited questions as to the underlying facts of any of the crimes. In view of the fact that the prior convictions were very relevant on the issue of the defendant's credibility, it cannot be said that the trial court abused its discretion *(see, People v Rhodes,* 96 AD2d 565, 567).

Finally, the defendant argues that the court erred in failing to charge the jury that they could find that the prosecution witness Cairo was an accomplice whose testimony had to be corroborated *(see,* CPL 60.22). Since the defendant never requested an accomplice charge, this issue has not been preserved for appellate review *(see, People v Graham,* 111 AD2d 831). In any event, the defendant's argument must be rejected since under no reasonable view of the evidence could the witness Cairo have been considered an accomplice *(see, People v White,* 26 NY2d 276; *People v Byrd,* 106 AD2d 511; *People v Santana,* 82 AD2d 784, *affd* 55 NY2d 673). Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.