◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PYNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 23, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A man wearing a bag with cut-out eye holes over his head and carrying what appeared to be a rifle wrapped in plastic, entered the grocery store where the complainant was working and demanded that he be given money from the cash register. At the defendant's trial, the complainant testified that the bag and eye holes were too big and that she was able to see the robber's hair, eyes and cheekbones as he shifted the bag in place. When he leaned towards her to pick up some loose bills, she could see the lower portion of his face through the eye holes. She recognized the robber as the defendant, who was a regular customer in the store and whom she had noticed looking into the store on two occasions earlier that day. The defendant's girlfriend testified on behalf of the People that the defendant had told her of his plan to rob the store and that he was going to use a bag with cut-out eye holes and a stick wrapped in a piece of carpet. Later that same evening, he told her that he had robbed the store and showed her the money from the robbery.

The defendant argued that the complainant's husband's testimony concerning her reaction upon seeing the defendant in the store a month after the robbery improperly bolstered the complainant's identification testimony. We agree. Similarly, the testimony of a police officer that he arrested the defendant after a conversation with the complainant's husband constituted improper bolstering. Nevertheless, the admission of this testimony was harmless error since the proof of the defendant's guilt was overwhelming (see, e.g., People v Johnson, 57 NY2d 969).

We also conclude that the trial court erred in refusing to charge the jury on accomplice testimony, given that different inferences could be drawn as to the girlfriend's role in the robbery. However, that error was harmless under the circumstances of this case since the girlfriend's testimony was corroborated by the complainant, who provided independent testimony linking the defendant to the commission of the crime (see, CPL 60.22 [1]; People v Glasper, 52 NY2d 970; People v Sawyer, 107 AD2d 1045).

We find the defendant's remaining contention to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.