■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL SHADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered April 28, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that 17 photographs of the victim and the crime scene were improperly admitted into evidence was not preserved as to seven of these photographs *(see, People v Donovan,* 59 NY2d 834, 836). Nine of the remaining 10 photographs which the defendant did object to at trial were properly admitted to illustrate the testimony of the medical examiner and to help prove the defendant's intent to kill and disprove his claim of self-defense *(see, People v Stroh,* 111 AD2d 196; *People v Mosher,* 81 AD2d 684, 685). The other photograph which the defendant objected to at trial was properly admitted since it corroborated the People's eyewitness's testimony that the victim's apartment had been ransacked by the defendant, as well as his testimony concerning the location and position of the victim's body at the time of death *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214, 222). In this regard, we note that the defendant testified at the trial and denied that he had ransacked the victim's apartment. Further, none of the 17 photographs was introduced solely to inflame the jury, but rather all were properly admitted on the ground that they either "tend[ed] to prove or disprove a material fact, to illustrate or elucidate other relevant evidence, or to corroborate or disprove other evidence in the case" *(People v Sims,* 110 AD2d 214, 222, *supra; see also, People v Lambert,* 125 AD2d 495; *People v Medina,* 120 AD2d 749, 750).

The defendant made no request for an instruction that the People's eyewitness, David Reid, was an accomplice as a matter of law, as defined under CPL 60.22, and that, accordingly, his testimony had to be corroborated in order for the jury to credit it. Nor did the defendant object to the absence of such an instruction from the trial court's charge. Consequently, his present contention that the court erred in not giving such an instruction is unpreserved for appellate review (see, People v Graham, 111 AD2d 831). In any event, since the evidence presented failed to support the assertion that Reid was an accomplice, such an instruction was unwarranted (see, People v Cobos, 57 NY2d 798, 800-801; People v Basch, 36 NY2d 154, 157).

We have examined the defendant's other contentions including those raised in his pro se brief, and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.