■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE MAYO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered December 17, 1985, convicting him of attempted murder in the second degree, robbery in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to bring the issue of the propriety of an accomplice charge to the attention of the Trial Judge in a manner that pinpointed the legal question *(see, People v Cobos,* 57 NY2d 798). Having failed to specifically request an accomplice instruction or to object to the court's failure to give such a charge, the defendant failed to preserve this claim for appellate review *(see,* CPL 470.05 [2]; *see, e.g., People v Shade,* 127 AD2d 862, *lv denied* 69 NY2d 1009; *People v Digugliemo,* 124 AD2d 743, *lv denied* 69 NY2d 826).

In any event, although we agree with the defendant that the question of the key prosecution witness's complicity in the crimes charged was a question of fact which should have been submitted to the jury for its determination in view of the different inferences which may reasonably have been drawn

from the evidence adduced at trial *(see, People v Vataj,* 69 NY2d 985, 987; *People v Basch,* 36 NY2d 154, 157), we conclude the error is harmless since the record contains ample corroborating evidence connecting the defendant to the crime so as to reasonably satisfy the jury that the accomplice was telling the truth *(see, People v Crimmins,* 36 NY2d 230; *People v Glasper,* 52 NY2d 970, 971; *People v Pyne,* 125 AD2d 720).

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.