◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE KIMBROUGH, Appellant.—Judgment unanimously affirmed. Memorandum: In our view, the felony murder and robbery counts of the indictment charged defendant pursuant to Penal Law § 20.00 with accessorial liability for the conduct of the other participant in the crimes. Therefore, the court, in its instructions to the jury, did not constructively amend the indictment *(see, People v Grega,* 72 NY2d 489; *People v Duncan,* 46 NY2d 74). Moreover, the fact that an indictment accuses a defendant as a principal does not preclude his conviction as an accessory and a charge based on accessorial conduct is not grounds for reversal *(see, People v Grega,* 72 NY2d 489, *supra; People v Duncan,* 46 NY2d 74, *supra, rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646).

Defendant did not object to the court's failure to charge the jury on accomplice testimony as it had agreed to do; therefore, the issue has not been preserved for our review *(see, People v Whalen,* 59 NY2d 273, 280; *People v Lipton,* 54 NY2d 340, 351). In any event, in light of the overwhelming corroborating proof of defendant's guilt, the failure to charge the accomplice rule is harmless error *(see, People v Mayo,* 136 AD2d 748, *lv denied* 71 NY2d 971; *People v Pyne,* 125 AD2d 720).

We have reviewed the remaining contentions raised by defendant, including those asserted in defendant's supplemental *pro se* brief, and find them to be either unpreserved for our review or, where preserved, lacking in merit. (Appeal from judgment of Erie County Court, Dillon, J.—murder, second degree; robbery, first degree.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.