■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD SUTHERLAND, Also Known as KEITH SUTHERLAND, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered November 29, 1988, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People failed to prove the intent required to establish the crimes of which he was convicted. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contentions, the testimony of three eyewitnesses who observed the defendant fire shots at the victim more than sufficiently established that the defendant acted with intent to cause serious physical injury *(see,* Penal Law § 120.10 [1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, the court did not err in failing to charge the jury with respect to justification and temporary innocent possession of a weapon. We note, initially, that by failing to request those charges, the defendant failed to preserve these claims for appellate review *(see,* CPL 470.05 [2]; *People v Shade,* 127 AD2d 862; *People v Digugliemo,* 124 AD2d 743; *see also, People v Mayo,* 136 AD2d 748). In any event, the court did not commit error by failing to give a justification charge. The record establishes that under no interpretation of the evidence could it have been found that the defendant reasonably believed that deadly physical force was about to be used against him or that he had satisfied his duty to retreat, or was under no such duty *(see, People v Watts,* 57 NY2d 299, 302; *People v Collice,* 41 NY2d 906, 907; *see also, People v Reynoso,* 73 NY2d 816; *People v Goetz,* 68 NY2d 96; *People v Behlin,* 150 AD2d 591). Similarly, "there is no reasonable view of the trial evidence upon which the jury could have found defendant's possession of a loaded [gun] to be innocent and lawful" *(People v Banks,* 76 NY2d 799, 800; *see also, People v Snyder,* 73 NY2d 900).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.