■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McGEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered March 16, 1988, convicting him of assault in the second degree (two counts), criminal trespass in the second degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the second degree under the second and sixth counts of the indictment, and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial of those counts.

The defendant was convicted of one count of assault in the second degree (see, Penal Law § 120.05 [2]) based upon proof that he intentionally caused physical injury to Sam Frazier by means of a nightstick. He was also convicted of another count of assault in the second degree based on proof that during the course of his assault on Mr. Frazier, he injured Shirley Miller (Penal Law § 120.05 [6]), and of criminal trespass in the second degree and criminal mischief in the fourth degree, based upon proof that he illegally broke into and entered the premises in which the alleged assaults occurred. He was acquitted of burglary in the first degree, and of intentional assault with respect to Ms. Miller. On appeal, he argues that the court erred in denying his request for a justification charge. We agree.

Under the particular facts of this case, a justification charge was warranted (see, Penal Law § 35.15 [1]). The defendant's testimony, which was largely corroborated by the testimony of his wife, might have created in the minds of the jurors a reasonable doubt as to whether the injuries inflicted on Ms. Miller and Mr. Frazier were the consequence of the application of physical force which the defendant "reasonably believe[d] * * * to be necessary to defend himself" (Penal Law § 35.15 [1]).

The defendant's testimony tends to prove that the two complaining witnesses, acting in concert, struck the first series of blows. The defendant's testimony also tends to establish that the force used by the complaining witnesses went significantly beyond that which would have been reasonably necessary to repel a trespasser. The term "initial aggressor", as used in Penal Law § 35.15 (1) (b), refers to the person who first uses offensive physical force against another person without cause (see, 1 CJI[NY] 35.15 [1]). Thus, the jury could rationally have concluded that the defendant was not the "initial aggressor" within the meaning of Penal Law § 35.15 (1) (b), because his use of force was, according to him, preceded by the offensive use of unreasonably violent physical force on the part of the complaining witnesses (see also, People v Baez, 118 AD2d 507, 508).

It is true that the evidence in the record establishes conclusively that at the time the altercation erupted, the defendant had already committed the crime of criminal mischief in the fourth degree, and was in the process of committing criminal trespass in the second degree. Under these circumstances, the occupants of the residence in question, including the complaining witnesses, would have been justified in applying such

offensive physical force as they "reasonably believe[d] * * * to be necessary to prevent or terminate what [they] reasonably believe[d] to be the commission * * * of a criminal trespass" (Penal Law § 35.20 [2]; *see also,* Penal Law § 35.20 [1]). We might well agree with the People that the defendant would have had no right to use defensive force in order to resist application of such *reasonable* offensive force as would have been justified under Penal Law § 35.20 (2). However, considering the peculiar circumstances of this case, we conclude that it was for the jury to decide, in the first instance, whether the complaining witnesses used reasonable force in order to end the defendant's trespass *(see, e.g., People v Cruickshank,* 105 AD2d 325, *affd* 67 NY2d 625). Given the substantial possibility that the jury might have concluded that the offensive force used by the complaining witnesses was not justified, it follows that the jury might also have concluded that the defensive force used by the defendant was justified.

We conclude, in sum, that " 'the mere fact * * * that defendant was engaged in committing a trespass * * * does not necessarily * * * preclude him from making the defense of self-defense' " *(People v Townes,* 391 Mich 578, 218 NW2d 136, 142, quoting from *State v Perigo,* 20 Iowa 657, 666, 28 NW 452, 457). A justification charge tailored to the facts in this case should have been given. The judgment therefore, must be modified, and a new trial ordered as to the two counts charging the defendant with assault in the second degree. Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.