■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered September 24, 1990, convicting him of criminal

possession of a controlled substance in the third degree, attempted criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt and that the testimony of the People's main witness was incredible as a matter of law. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The inconsistencies cited by the defendant are insufficient to render the witness's testimony incredible as a matter of law *(see, People v Di Girolamo,* 108 AD2d 755). Furthermore, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, since the defendant failed to specifically request an accomplice instruction or to object to the court's failure to give such a charge, the defendant failed to preserve this claim for appellate review *(see,* CPL 470.05 [2]; *People v Coico,* 176 AD2d 339; *People v Ramos,* 166 AD2d 468; *People v Mayo,* 136 AD2d 748; *People v Shade,* 127 AD2d 862, 863).

Finally, the defendant's contention that the sentence is excessive is without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.