■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN BADILLO, Appellant. [630 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 11, 1993, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discre-

tion in the interest of justice, a new trial is ordered on those counts of the indictment which charged the defendant with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and the remaining count of the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726).

The defendant's conviction arises out of the shooting death on August 24, 1989, of Rosa Maria Cruz, a woman with whom he had apparently had a stormy relationship. Both of the eyewitnesses to the incident testified on the People's case only that they had observed the defendant and Cruz arguing and then struggling on the sidewalk, at which time they heard shots fired. Neither witness observed a gun until after the shooting had occurred. The defendant testified that Cruz had pulled the gun on him, that he had knocked it out of her hand and the defendant had picked it up, and that Cruz had begun to struggle with him trying to get the gun back when the gun went off accidently.

The indictment had charged the defendant with murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and the court charged the jury with respect to manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses. Although the prosecution had consented to the defense counsel's request that the jury be instructed on the defense of justification, the court limited its charge on justification to the manslaughter in the second degree count. The jury thereafter returned a verdict of guilty on the manslaughter in the first degree count and the weapons possession counts.

We agree with the defendant that the court erred in limiting its charge on justification to the manslaughter in the second degree count. In viewing the record in the light most favorable to the defendant and based on a reasonable view of the evidence, the jury could have decided that the defendant's actions were justified (see, People v Padgett, 60 NY2d 142, 145; People v Watts, 57 NY2d 299, 301; People v Steele, 26 NY2d 526, 528-529).

It is well settled that a charge of justification is warranted whenever there is evidence to support it in a prosecution for any crime involving the use of force (see, People v Schwartz, 168 AD2d 251, 252). Moreover, it is unnecessary for the defendant to admit inflicting the fatal wound by his own hand if the charge is otherwise supported by the evidence (see, People v

*Jeffries,* 166 AD2d 665, 666). Based on the defendant's testimony, the jury may have found that Cruz was the aggressor and that the defendant's actions which resulted in the fatal shooting were justifiable acts of self-defense.

We also agree with the defendant that the prosecutor so far exceeded the bounds of the trial court's *Molineux* ruling *(see, People v Molineux,* 168 NY 264) in his cross-examination of the defendant and his summation remarks as to deprive the defendant of a fair trial. The prosecutor repeatedly questioned the defendant in an inflammatory and prejudicial manner and continued the improper attack during the summation.

Although neither of the above issues was properly preserved for our review, under the circumstances of this case, their cumulative adverse impact on the jury warrants our reaching them in the interest of justice. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.