■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. MCINTYRE, Appellant. [716 NYS2d 511] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [1]) and two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The jury was entitled to credit the testimony of defendant's accomplice connecting defendant to the crime, and the testimony of the accomplice was substantially corroborated by the physical evidence of defendant's fingerprint at the crime scene together with the testimony of other witnesses, including the testimony of two witnesses concerning admissions made by defendant to them (*see,* CPL 60.22 [1]; *People v Shedrick,* 66 NY2d 1015, 1018, *rearg denied* 67 NY2d 758).

By failing to object to the charge, defendant failed to preserve for our review his contention that County Court erred in failing to charge the jury that a prosecution witness, the girlfriend of defendant's accomplice, could be considered an accomplice (*see, People v Kimbrough,* 155 AD2d 935, *lv denied* 75 NY2d 814). In any event, that contention lacks merit. The testimony of the accomplice with respect to that witness established only that she may have been an accessory after the fact, not an accomplice whose testimony required corroboration (*see, People v Brazeau,* 162 AD2d 979, 980, *lv denied* 76 NY2d 891). (Appeal from Judgment of Oswego County Court, Brunetti, J.—Robbery, 1st Degree.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.