THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDU PARRISH SMITHERMAN, Appellant. [746 NYS2d 403]

The defendant contends that the trial court should have charged assault in the second degree as a lesser-included offense of assault in the first degree because a reasonable view of the evidence could support a finding that he recklessly caused serious physical injury to the complainant (*see* Penal Law § 120.05 [4]). However, the defendant's request at trial to charge second degree assault as a lesser-included offense was based solely upon the theory that he intended to cause physical injury rather than serious physical injury to the complainant (*see* Penal Law § 120.05 [2]). Thus, his present contention is unpreserved for appellate review (*see People v Borrello,* 52 NY2d 952; *People v Rookey,* 292 AD2d 783; *People v Ramos,* 242 AD2d 510; *People v Sater,* 201 AD2d 323, *lv denied* 83 NY2d 858). The defendant's additional contention that the court should have instructed the jury on the defense of justification is also unpreserved for appellate review, since the defendant failed to request a justification charge (*see* CPL 470.05 [2]). We decline to review the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction.

Furthermore, considering the totality of the circumstances existing at the time of the representation, the defendant was not denied the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713; *People v Baldi,* 54 NY2d 137, 147; *People v Fernandez,* 248 AD2d 801). Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.