■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY BARRETT, Appellant. [782 NYS2d 816]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 21, 2001, convicting him of manslaughter in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in failing to charge the jury on the defense of justification (see Penal Law § 35.15 [2] [a]; People v Huntley, 59 NY2d 868 [1983]). This claim is unpreserved for appellate review (see CPL 470.05 [2]; People v Smitherman, 297 AD2d 352 [2002]). In any event, the charge was not warranted. The evidence at trial failed to show that the defendant, who was in violation of an order of protection requiring him to have no contact with the victim, reasonably believed he was in imminent danger of the victim using deadly physical force against him (see People v Wesley, 76 NY2d 555, 559 [1990]; People v Reynoso, 73 NY2d 816 [1988]; People v Watts, 57 NY2d 299 [1982]; People v Siler, 288 AD2d 625 [2001]; People v Sutherland, 166 AD2d 732 [1990]; cf. People v Badillo, 218 AD2d 811 [1995]; People v Jeffries, 166 AD2d 665 [1990]; People v Khan, 113 AD2d 773 [1985], affd 68 NY2d 921 [1986]; People v Jenkins, 93 AD2d 868 [1983]; People v Forchalle, 88 AD2d 645 [1982]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's trial attorney provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (see CPL 470.15 [2] [c]; [6] [b]; CPL 470.20 [6]; People v Thompson, 60 NY2d 513, 519 [1983]; People v Suitte, 90 AD2d 80 [1982]). Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.