■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI KETTREIS, Appellant. [798 NYS2d 92]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered October 3, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly concede, the Supreme Court erred in failing to charge, as requested, that the defendant's former codefendant, who was testifying pursuant to a cooperation agreement with the People by which all charges against him were to be dismissed, was an interested party. The jury should have been instructed to carefully scrutinize the witness's testimony and determine "whether any benefit he received affected the truthfulness of [his] testimony" (*People v Jackson*, 74 NY2d 787, 790 [1989]; *see* 1 CJI[NY] 7.24, at 305). However, the People correctly argue that this error does not warrant reversal. Viewing the court's charge as a whole, the instructions regarding credibility adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of that witness (*see People v Inniss*, 83 NY2d 653, 658-659 [1994]; *People v Hosannah*, 2 AD3d 458, 459 [2003]).

The defendant's contention that the court failed to charge that the defendant's former codefendant was an accomplice as a matter of law is unpreserved for appellate review, as the defendant failed to request this instruction or object to the court's failure to give such a charge (*see* CPL 470.05 [2]; *People v Green*, 185 AD2d 992, 993 [1992]; *People v Mayo*, 136 AD2d 748 [1988]). In any event, the Supreme Court properly declined to give such a charge, as the former codefendant was linked to the gun only by the presumption found in Penal Law § 265.15 (3), and his self-exculpatory testimony gave rise to an issue of fact as to his status as an accomplice (*see People v Napoli*, 126 AD2d 674, 675 [1987]).

Contrary to the defendant's contention in his supplemental pro se brief, the Supreme Court properly denied his request for a *Dunaway/Mapp* hearing (*see Dunaway v New York*, 442 US 200 [1979]; *Mapp v Ohio*, 367 US 643 [1961]) to determine if the gun and bullets found in the car in which the defendant was a passenger should be suppressed. As defense counsel, in effect, conceded, the defendant had no standing to request such a hearing (*see People v Nunez*, 234 AD2d 569 [1996]; *see generally*

*People v Tejada,* 81 NY2d 861 [1993]; *People v Phillips,* 260 AD2d 582, 583 [1999]). Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.