Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered June 10, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In 2004 the defendant was tried on murder charges arising from a 1987 shooting. Prior to the shooting, the defendant was engaged in a verbal dispute with the victim’s brother, who threw a stick at him. The defendant then retrieved a gun from his apartment and went back outside, encountering the victim, his brother, and another individual. An argument ensued; the defendant claimed that the victim stabbed him in the face with a knife, then ran down a nearby tunnel. The defendant followed the victim and, from a distance of several feet, fired shots into the back of his head. The victim died four days later. The defendant fled to Jamaica, where, in 2003, he turned himself in to authorities and waived extradition to the United States. At trial, the defendant argued that he shot the victim because he feared for his life.
The trial court properly denied the defendant’s request to charge the jury with the defense of justification. No reasonable view of the evidence supported the defendant’s claim that he was in fear for his life, that the victim or any of the other individuals present was armed, or that he could not safely *805 retreat rather than engage in the use of deadly physical force (see People v Petty, 7 NY3d 277 [2006]; People v Watts, 57 NY2d 299, 302 [1982]; People v Wimberly, 19 AD3d 518 [2005]; People v Barrett, 11 AD3d 551 [2004]; cf. Matter ofY.K., 87 NY2d 430, 434 [1996]; People v McManus, 67 NY2d 541, 549 [1986]; People v Fermín, 36 AD3d 934 [2007]).
The prosecution’s failure to disclose, prior to trial, photographs of shell casings which were the subject of a ballistics expert’s trial testimony was not prejudicial to the defendant (see People v Wood, 40 AD3d 663 [2007]; People v Chaffee, 30 AD3d 763 [2006]). Accordingly, the court properly denied the defendant’s application to preclude the testimony of that witness.
The defendant’s voluntary surrender to authorities subjected him to the jurisdiction of the court (see Ker v Illinois, 119 US 436 [1886]; United States v Suchit, 480 F Supp 2d 39, 49 [2007]; cf. Matter ofLiebowitz v Harrington, 152 AD2d 737 [1989]).
The court properly limited the cross-examination of a prosecution witness on the underlying facts of a prior criminal conviction for which an appeal was pending (see People v Chambers, 184 AD2d 716 [1992]; People v Fominas, 111 AD2d 868 [1985]).
The defendant’s remaining contentions are without merit. Spolzino, J.E, Angiolillo, Dickerson and Belen, JJ., concur.