■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR T. ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Orange County (Ingrassia, J.), rendered February 14, 1984, convicting him of rape in the first degree and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 8, 1983, at about 10:30 P.M. the defendant, Victor Ortiz, approached the victim, a 17-year-old girl, on a

street in Newburgh, New York, and threatened her with a gun. He then took her to a secluded spot where he forced her to engage in vaginal, anal, and oral intercourse.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). While there were certain inconsistencies in the testimony, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We disagree with the defendant's contention that the court improperly precluded defense counsel, during the cross-examination of the victim's boyfriend, from questioning him as to whether he ever had sexual intercourse with the victim. CPL 60.42 provides that evidence of a victim's sexual conduct is not admissible except in certain enumerated situations and it is clear that none of these situations exists in this case.

The defendant's claim that he was not afforded the effective assistance of counsel is based largely on facts dehors the record. Thus, his remedy is to bring a postconviction proceeding pursuant to CPL 440.10 if so advised *(see, People v Brown,* 45 NY2d 852; *People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003). Insofar as his ineffective assistance claim can be reviewed, we conclude that defense counsel provided "meaningful representation" under the standard enunciated in *People v Baldi* (54 NY2d 137, 147).

The defendant further contends that the trial court informed the jury that he personally believed the complaining witness's story and that a juror informed the Judge that he did not want to take part in this trial because he did not want to find an innocent man guilty. The defendant concedes, however, that neither comment is reflected in the record on appeal and, therefore, any such claim is beyond this court's review.

The defendant's claim that the sentence imposed was excessive is also without merit. Based on the seriousness of the crime and the defendant's prior criminal history, the sentence

cannot be said to have constituted an improper exercise of discretion.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and in his *pro se* reply brief, and find them to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.