■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBIE CURRIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered August 27, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Suppression of the testimony regarding the identification at the precinct house was properly denied. The hearing court concluded that the identification was not impermissibly suggestive, but was unplanned, spontaneous, and not attributable to any contrivance on the part of the police *(see, People v McLamb,* 140 AD2d 717, 718; *People v Hampton,* 129 AD2d 736, 737; *People v Bookhart,* 117 AD2d 739, 740). We find no basis to disturb this ruling.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). While there were certain inconsistencies in the testimony, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Ortiz, 143 AD2d 150, 151). Its determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (see, People v Ortiz, supra, at 150; People v Garafolo, 44 AD2d 86, 88).

The contentions regarding alleged errors at trial and during summation are either unpreserved for appellate review (CPL 470.05 [2]; People v Santiago, 52 NY2d 865, 866; People v Medina, 53 NY2d 951, 953), or were harmless in light of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230; People v Williams, 109 AD2d 906, 907-908).

We have have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.