■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH INNISS, Appellant. [596 NYS2d 98] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 20, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Richard Saunders, the sole eyewitness, testified pursuant to a cooperation agreement with the District Attorney's Office. Under that agreement, certain charges against Saunders had been dismissed in return for his promise to give truthful testimony at the defendant's trial. At trial, Saunders testified fully as to the terms of the agreement. Moreover, he admitted being arrested and charged with certain offenses, including robbery, but denied committing those offenses. The defense counsel sought to introduce a copy of the cooperation agreement into evidence and to call as a witness the victim of the robbery allegedly committed by Saunders in order to impeach his testimony. The trial court rejected these requests. The

defendant contends that the trial court's rulings deprived him of his right to confront adverse witnesses. We disagree.

A cross-examiner is bound by the answers of a witness to questions concerning collateral matters *(see, People v Pavao, 59 NY2d 282, 288).* Thus, a "party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict the witness' testimony concerning collateral matters solely for the purpose of impeaching that witness' credibility" *(People v Pavao, supra, at 288-289).* In the present case, Saunders' guilt of offenses unrelated to the charges against the defendant was irrelevant to the question of the defendant's guilt or innocence. Therefore, the trial court properly precluded the defense counsel from calling Saunders' alleged robbery victim as a witness for the sole purpose of contradicting the assertion of Saunders that he did not commit the robbery with which he had been charged.

Moreover, the trial court did not improvidently exercise its discretion in precluding the defense counsel from reading a transcript of the cooperation agreement into evidence. Although the agreement established Saunders' interest in the present case and therefore did not constitute a collateral matter *(see, People v Chin, 67 NY2d 22, 28),* the introduction of the text of the agreement would have been merely cumulative in light of Saunders' exhaustive testimony regarding its terms. Indeed, where the subject of a witness' bias or interest has already been fully explored, thereby rendering the evidence which the cross-examiner seeks to introduce cumulative, the exclusion of that proffered evidence does not infringe on the defendant's right of confrontation *(see, People v Chin, supra, at 29).*

However, we agree that the trial court should have instructed the jury that in assessing the testimony of Saunders, they should consider the fact that he received a benefit in exchange for his testimony *(see, People v Jackson, 74 NY2d 787, 790; see also,* 1 CJI 7.24, at 305). The trial court's omission, however, does not mandate a reversal of the defendant's conviction, since the defense counsel thoroughly elicited Saunders' interest in the case by repeatedly referring to the cooperation agreement during the cross-examination of Saunders and during summation *(see, People v Sherman, 156 AD2d 889, 891).* Moreover, viewing the court's charge as a whole, we are satisfied that the instructions regarding credibility, bias, and interest adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of Saunders. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.