104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Victor T. ORTIZA, Petitioner-Appellant,
v.
H. WALKER, Superintendent, Auburn Correctional Facility,
Robert Abrams, Attorney General, State of New
York, Francis D. Phillips, II, District
Attorney, Orange County,
Respondents-Appellees.
 No. 95-2725.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 1
 Bernard V. Kleinman, White Plains, NY.
 
 
 2
 Francis D. Phillips, II, Orange County District Attorney, Goshen, NY.
 
 
 3
 Present: McLAUGHLIN, JACOBS, Circuit Judges, KELLEHER,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 Victor Ortiz approached seventeen-year-old Awilda Aliciea on the street and threatened her with a gun. He then took her to a secluded area where he raped her. Ortiz was charged in New York state court with one count of rape in the first degree, and two counts of sodomy in the first degree. At trial, the judge restricted defendant's cross-examination of various government witnesses regarding Aliciea's sexual history, pursuant to New York's "rape shield" statute, N.Y. C.P.L. § 60.42. Ortiz's attorney also accidentally elicited a response, on cross-examination of a government witness, that revealed Ortiz's parolee status.
 
 
 7
 A jury convicted Ortiz of all three counts, and the court sentenced Ortiz to concurrent terms of twelve and one-half to twenty-five years' imprisonment on each count. The Appellate Division affirmed Ortiz's conviction, see People v. Ortiz, 531 N.Y.S.2d 607 (N.Y.App.Div.1988), and the New York Court of Appeals denied leave to appeal, see People v. Ortiz, 534 N.Y.S.2d 947 (N.Y.1988). Ortiz also brought several motions in state court, pursuant to N.Y. C.P.L.R. § 440, to set aside his conviction and sentence; all have been denied.
 
 
 8
 Ortiz then filed a petition in the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., Judge ), pursuant to 22 U.S.C. § 2254, arguing that: (1) the prosecution knowingly used false and perjurious information at trial; (2) he was denied his right to confront his accuser; (3) he received ineffective assistance of counsel; (4) his conviction was tainted by prosecutorial misconduct; and (5) the trial court improperly failed to grant a mistrial. The district court referred the matter to Magistrate Judge Michael H. Dolinger, who recommended that the court deny Ortiz's petition. The district court adopted that recommendation, and denied and dismissed Ortiz's petition.
 
 
 9
 Ortiz now appeals, renewing his confrontation and ineffective assistance arguments. We affirm for substantially the reasons stated in Magistrate Judge Dolinger's comprehensive Report and Recommendation, dated April 14, 1993, and Supplemental Report and Recommendation, dated November 4, 1993, as adopted by the district court on December 10, 1993. See also Jones v. Goodwin, 982 F.2d 464, 469-70 (11th Cir.1993) (discussing Confrontation Clause issue on substantially similar facts).
 
 
 10
 We have considered all of the additional arguments raised by Ortiz, and find them to be without merit.
 
 
 11
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation