■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GUILBAULT, MICHAEL BAUER, and MICHAEL RULISON, Appellants. [681 NYS2d 180] —White, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered September 23, 1997, upon a verdict convicting defendants of the crime of unlawful imprisonment in the second degree.

Sometime prior to October 17, 1996, Jonathan Oles and others stole a quantity of marihuana from premises located in the Town of New Baltimore, Greene County. On the evening of October 17, 1996 six men removed Oles from a friend's home, beat him until he told them where the marihuana was, then blindfolded him and took him to a secluded spot where, using duct tape, they taped him to a tree. Approximately 45 minutes later Oles was freed from the tree and later released. The six

men involved in the incident were subsequently apprehended and indicted for the crime of kidnapping in the second degree.* After trial, three defendants were convicted of the crime of unlawful imprisonment in the second degree. They now appeal.

Despite the direction of CPL 240.45 (1) (a), the People did not timely provide defendants with the pretrial statements of two prosecution witnesses and the testimony of two police officers given at a suppression hearing of a codefendant whose case had been severed. Citing *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), defendants contend that a reversal is required. Where, as here, there was not a complete failure to provide *Rosario* material at trial, but rather a delay in delivering such material, a defendant is not entitled to reversal unless there is a showing that he or she was substantially prejudiced by the late delivery (*see, People v Banch*, 80 NY2d 610, 617; *People v Ranghelle*, 69 NY2d 56, 63; *People v Shaw*, 244 AD2d 582, *lv denied* 91 NY2d 1012). Inasmuch as County Court allowed defendants ample time to review the witnesses' statements and gave them the opportunity to reopen their cases to recall the police officers, we conclude that they were not substantially prejudiced by the People's delay in producing *Rosario* material (*see, People v Quinones*, 228 AD2d 796, 798; *People v Spencer*, 219 AD2d 259, 264-265, *lv denied* 88 NY2d 1024). Accordingly, we reject defendants' contention.

After Oles had made an in-court identification of defendant Michael Bauer, further testimony revealed that sometime after October 17, 1996 he was taken to a State Police barracks on an unrelated matter. As he was walking around the barracks, he noticed a "wanted poster" on the wall featuring Bauer. He promptly told his mother and then the police that Bauer was "one of the guys" involved in the kidnapping incident. Bauer now argues that the People's failure to furnish him with a CPL 710.30 notice required the suppression of Oles' identification testimony. We disagree since a CPL 710.30 notice was not necessary because Oles' out-of-court identification did not arise from a "police-arranged" procedure but resulted from mere happenstance (*see, People v Dixon*, 85 NY2d 218, 223; *People v Bello*, 219 AD2d 657).

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Greene County for further proceedings pursuant to CPL 460.50 (5).

---

* The three codefendants not named in this case were granted a separate trial.