■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOAM SINGH, Appellant. [689 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 2, 1996, convicting him of criminal contempt in the first degree (three counts) under Indictment No. 11399/95, upon a jury verdict, and imposing sentence, and a purported appeal from a judgment of the same court, also rendered April 2, 1996, convicting him of assault in the second degree under Indictment No. 11401/95, upon his plea of guilty, and imposing sentence.

Ordered that the purported appeal from the judgment under Indictment No. 11401/95 is dismissed, as the defendant did not file a notice of appeal from that judgment; and it is further,

Ordered that the judgment under Indictment No. 11399/95 is affirmed.

The defendant's contention that the Supreme Court improperly limited his cross-examination of the complainant at his trial under Indictment No. 11399/95 is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v George,* 67 NY2d 817). In any event, this claim is without merit. A trial court is permitted wide latitude in ruling on the scope of examination, and its rulings are not to be disturbed absent an improvident exercise of discretion (*see, People v Ashner,* 190 AD2d 238; *People v Cruz,* 158 AD2d 329).

The sentences imposed for the convictions of criminal contempt in the first degree were neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

Since the defendant never filed a notice of appeal from the judgment rendered under Indictment No. 11401/95, his purported appeal from that judgment must be dismissed. In any event, his contentions relating to that judgment are without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.