■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SAVASTANO, Appellant. [719 NYS2d 896] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered September 28, 1999, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

There is no merit to the defendant's contention that the court improperly limited the cross-examination of various witnesses for the People. The defendant's trial attorney had ample opportunity to examine and impeach the testimony of the complaining witness. Moreover, the trial court properly precluded testimony of the complaining witness's mother and a police detective offered for the purpose of impeachment by omission, regarding alleged inconsistencies in the complaining witness's testimony. There was no showing that the questions called the witnesses's attention to the specific facts omitted by the complaining witness (*see, People v Bornholdt,* 33 NY2d 75). Additionally, the court providently exercised its discretion in limiting defense counsel's cross-examination to questions concerning the existence of a civil lawsuit filed against the defendant and the fact that damages were sought (*see, People v Schwartzman,* 24 NY2d 241, 244; *see also, People v Abranko,* 162 Misc 2d 739).

Contrary to the defendant's contention, a proper foundation was laid for the cross-examination of one of his alibi witnesses concerning that witness's failure to inform law enforcement authorities about alleged exculpatory information relating to the defendant's whereabouts during the time the incident occurred (*see, People v Dawson,* 50 NY2d 311).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.