■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FULLER, Appellant. [731 NYS2d 132] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed and new trial granted on first, third and fourth counts of indictment and the matter is remitted to Supreme Court for resentencing on fifth, sixth, seventh and eighth counts of indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of crimes arising from his participation in an incident in which one victim was beaten and robbed and three others were beaten. Supreme Court properly denied the motion of defendant seeking suppression of his statements to police. Contrary to the contention of defendant, the judgment is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see generally*, *People v Bleakley*, 69 NY2d 490, 495). Defendant's contention that the court abused its discretion in failing to allow the jury to visit the crime scene (*see*, CPL 270.50 [1]) is not preserved for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Contrary to the further contention of defendant, he was not denied a fair trial by the untimely disclosure of a medical report concerning treatment of a seizure suffered by one of the victims shortly before trial. "Where, as here, there was not a complete failure to provide *Rosario* material at trial, but rather a delay in delivering such material, a defendant is not

entitled to reversal unless there is a showing that he or she was substantially prejudiced by the late delivery" (*People v Guilbault*, 256 AD2d 632, 633, *lv denied* 93 NY2d 853). Defendant failed to show substantial prejudice. Defendant further contends that the People failed to disclose a cooperation agreement with a certain prosecution witness. The record, however, does not support defendant's contention that such an agreement existed.

We conclude, however, that the court erred in denying defendant's request to charge robbery in the second degree (Penal Law § 160.10 [2] [a]) as a lesser included offense of robbery in the first degree (Penal Law § 160.15 [1]) under the first count of the indictment. Although the victim who is the subject of that count testified that he lost his sense of smell as a result of a head injury, the treating physician testified that the victim suffered physical injury but not serious physical injury (*see,* CPL 300.50 [1]). We reject the contention of defendant that the court erred in denying his request to charge robbery in the second degree as a lesser included offense of robbery in the first degree (Penal Law § 160.15 [3]) under the second count of the indictment. It is undisputed that a dangerous instrument was used during the course of the robbery. Because defendant did not join in codefendant's request for further charge-downs, defendant's contentions concerning the failure to charge other lesser included offenses are not preserved for our review (*see, People v Buckley*, 75 NY2d 843, 846), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We therefore modify the judgment on the law by reversing defendant's conviction of robbery in the first degree under the first count of the indictment and vacating the sentence imposed thereon, and we grant a new trial on that count.

We further modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of assault in the first degree under the third and fourth counts of the indictment and vacating the sentences imposed thereon, and we grant a new trial on those counts. There is a reasonable view of the evidence that the victim who is the subject of those counts suffered a physical injury only, and the court failed to charge assault in the second degree under Penal Law § 120.05 (2) as a lesser included offense of assault in the first degree under Penal Law § 120.10 (1) and assault in the second degree under Penal Law § 120.05 (6) as a lesser included offense of assault in the first degree under Penal Law § 120.10 (4).

In addition, although we reject defendant's contention that the aggregate sentence of imprisonment of 10 to 20 years is unduly harsh or severe, we conclude that the sentence of 7½ to 15 years imposed upon each conviction of assault in the second degree is illegal. Assault in the second degree is a class "D" violent felony offense (Penal Law § 70.02 [1] [c]) that at the time of the crime was punishable by an indeterminate sentence having a maximum term of seven years (Penal Law § 70.00 [2] [d]; § 70.02 [former (2) (b)]) and a minimum term of one-half the maximum (Penal Law § 70.00 [former (3) (b)]; § 70.02 [former (4)]). We therefore further modify the judgment by vacating the sentences imposed on the seventh and eighth counts of the indictment, and we remit the matter to Supreme Court for resentencing on those counts.

Finally, although the sentencing minutes establish that the court improperly sentenced defendant to a term of incarceration of 4 to 20 years on the fifth and sixth counts of the indictment charging defendant with assault in the first degree (*see*, Penal Law § 70.02 [former (3) (a)]; [former (4)]), a legal sentence of 10 to 20 years is set forth in the certificate of conviction. Because of that discrepancy, we further modify the judgment by vacating the sentences imposed on the fifth and sixth counts of the indictment, and we remit the matter to Supreme Court for resentencing on those counts (*see, People v Shand*, 280 AD2d 943, 944, *lv denied* 96 NY2d 834; *People v Fingland*, 273 AD2d 925). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.