■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO MUNOZ, Appellant. [737 NYS2d 604] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 1, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent terms of 6 to 12 years, unanimously affirmed.

On September 3, 1996, defendant stabbed the victim; at trial, defendant admitted the stabbing but raised the defense of justification. Meanwhile, the victim allegedly shot defendant's brother on May 3, 1998 and was under indictment for that crime at the time he testified at defendant's trial. The court permitted cross-examination of the victim as to whether or not he shot defendant's brother, which the victim denied. However, the court precluded elicitation of the fact that the victim was under indictment, and also precluded defendant from calling a witness to testify that he saw the victim shoot defendant's brother. These rulings were proper exercises of discretion that did not violate defendant's right to cross-examine witnesses and present a defense (*see, Delaware v Van Arsdall*, 475 US 673, 678-679). The fact that the victim was under indictment was not a permissible area for impeachment (*see, People v Miller*, 91 NY2d 372, 380). For the first time on appeal, defendant argues that the indictment was relevant to bias in that the victim could have been attempting to curry favor with the prosecutors. Since this argument was neither raised before nor ruled upon by the court, it is unpreserved (*see, People v Inniss*, 83 NY2d 653, 658), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's argument that the victim's indictment gave him a motive to testify that he was not the aggressor in the incident where he was stabbed, years before, was extremely remote and speculative. In any event, the subject was in fact addressed by defense counsel's question to the victim about whether he received any consideration for testifying, coupled with the question of whether he shot defendant's brother on the relevant date.

To the extent that the extrinsic evidence of the shooting testimony was offered to contradict the victim's denial, it was barred by the collateral evidence rule (*see, People v Schwartzman*, 24 NY2d 241, 245, *cert denied* 396 US 846). Defendant contends that the circumstances provided an exception to the

rule because he was not merely impeaching the victim's general credibility through a "bad act," but was seeking evidence of the victim's bias. However, the alleged shooting in 1998 was extremely remote to any possible motive of the victim to testify falsely that defendant was not acting in self-defense when he admittedly stabbed the victim in 1996 (*see, People v Thomas*, 46 NY2d 100, 105-106).

Defendant's challenge to the court's reasonable doubt charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim we would find that, when viewed as a whole, the charge conveyed the proper standards (*see, People v Fields*, 87 NY2d 821). Concur—Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.