■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROOKEY, Appellant. [738 NYS2d 786] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered May 6, 1999, convicting defendant after a jury trial of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentences imposed on the seventh and eighth counts of the indictment and as modified the judgment is affirmed and the matter is remitted to Supreme Court for resentencing on those counts.

Memorandum: Defendant was convicted after a jury trial of robbery in the first degree (two counts) (Penal Law §§ 20.00, 160.15 [1], [3]), assault in the first degree (four counts) (Penal Law §§ 20.00, 120.10 [1], [4]) and assault in the second degree (two counts) (Penal Law §§ 20.00, 120.05 [6]). Defendant and codefendant Daniel Fuller were tried together before separate juries (*see, People v Fuller,* 286 AD2d 910). Supreme Court properly denied the motion of defendant seeking suppression of his statements to police. Defendant failed to preserve for our review his contentions that the trial court unduly limited his cross-examination of a police officer concerning those statements (*see, People v George,* 67 NY2d 817, 818-819; *People v Singh,* 262 AD2d 431, *lv denied* 94 NY2d 867) and that the conviction is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject defendant's further contentions that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495) and that the court abused its discretion in failing to allow the jury to visit the crime scene (*see,* CPL 270.50 [1]). Contrary to the contention of defendant, he was not denied a fair trial by

the untimely disclosure of a medical report concerning treatment of a seizure suffered by one of the victims prior to trial (*see, People v Fuller, supra* at 910-911). Although defendant also contends that the People failed to disclose a cooperation agreement with a prosecution witness, the record does not support defendant's contention that such an agreement existed (*see, People v Fuller, supra* at 911).

Defendant raises additional contentions concerning the failure of the court to charge certain lesser included offenses. Defendant contends that the court erred in failing to charge assault in the third degree as a lesser included offense of assault in the second degree as charged in the indictment on the theory that there is a reasonable view of the evidence that a robbery was not committed. Because defendant's request to charge was based on another theory, that contention is not preserved for our review (*see, People v Sater*, 201 AD2d 323, *lv denied* 83 NY2d 858). In any event, "[a]ssault in the third degree is not a lesser included offense of felony assault [Penal Law § 120.05 (6)]" (*People v Miller*, 176 AD2d 824, 825).

Contrary to the further contention of defendant, he did not request that the court charge assault in the second degree as a lesser included offense of assault in the first degree under counts three, four, five and six of the indictment, or robbery in the second degree as a lesser included offense of robbery in the first degree under counts one and two of the indictment. "In the absence of such a request, the court's failure to submit such offense[s] does not constitute error" (CPL 300.50 [2]). Defendant also contends that the court erred in denying his request to charge assault in the third degree as a lesser included offense of assault in the first degree, and robbery in the third degree as a lesser included offense of robbery in the first degree. Neither assault in the third degree nor robbery in the third degree is "the greatest lesser included offense which is supported by legally sufficient trial evidence" (CPL 300.30 [1]), and thus defendant's request was properly denied.

Finally, although the sentence of incarceration of 10 to 20 years is not unduly harsh or severe, the sentence of 7½ to 15 years imposed upon each count of assault in the second degree is illegal (*see, People v Fuller, supra* at 912). Contrary to defendant's further contentions, none of the other sentences imposed is illegal. We therefore modify the judgment by vacating the sentences imposed on the seventh and eighth counts of the indictment, and we remit the matter to Supreme Court for resentencing on those counts. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.