■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAM G. HERNE, Appellant. [743 NYS2d 322] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Plumadore, J.), rendered May 10, 2001 in Franklin County, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was charged in an indictment alleging the crimes of sexual abuse in the first degree, assault in the second degree, unlawful imprisonment in the second degree, attempted rape in the first degree and intimidating a witness in the third degree. Represented by an attorney, defendant entered a plea of not guilty on April 7, 2000. Thereafter, on November 13, 2000, his attorney, citing defendant's failure to pay the retainer fee and lack of cooperation, moved to be relieved as counsel and that motion was granted. Defendant was assigned new counsel from the Public Defender's office. Defense counsel thereafter negotiated a plea whereby defendant pleaded guilty to the crime of assault in the second degree (Penal Law § 120.05 [1]) in full satisfaction of all charges. No specific promise concerning sentence was made and Supreme Court advised defendant that he could receive any sentence up to seven years. The court also stated that the sentence ultimately imposed would include consideration of several factors, including defendant's promised cooperation with the People on an unrelated investigation.

Subsequently, at the sentencing hearing, defendant moved to withdraw his guilty plea claiming that he was innocent, that he only pleaded guilty so that he could be released in order to attend his aunt's funeral and he misunderstood what his cooperation with the People would entail. Supreme Court denied the motion and defendant was sentenced to an indeterminate prison term of 3 to 6 years. In imposing sentence, the court explained that it factored in defendant's limited attempt to assist the People in the other matter. However, realizing that the sentence imposed was illegal, Supreme Court resen-

tenced defendant at a later date without objection to a determinate term of six years, again indicating that defendant's attempt to cooperate was considered. Defendant appeals.

Initially, we find that the record before us does not support the claim that defendant was denied the effective assistance of counsel at the preplea stage of the proceedings. According to defendant, his former defense counsel was ineffective primarily because he did not advise him of the initial negotiations with the People which could have resulted in a plea to a misdemeanor. He argues that he was compelled to plead guilty to a felony because the initial plea offers were never presented to him. While this issue was briefly mentioned by defendant's new attorney in proceedings before Supreme Court, no details regarding the alleged offer or the underlying circumstances appear in the record. Since defendant's claims in this regard clearly involve matters that would require a hearing to expand the record, a CPL 440.10 motion would have been appropriate (*see, People v Ortiz*, 143 AD2d 150, 151, *lv denied* 72 NY2d 1048; *People v Williams*, 140 AD2d 969, 970). In any event, inasmuch as, aside from speculation, there is no evidence in this record that defendant was not adequately represented during the preplea stage (*see, People v Ortiz, supra*), we cannot conclude that he was denied the effective assistance of counsel.

Turning to defendant's contention that Supreme Court erred in failing to permit him to withdraw his guilty plea, we are similarly unpersuaded. Since permission to withdraw a guilty plea rests within the court's discretion, an abuse of that discretion will only be found where there is evidence of "innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see, People v Carr*, 288 AD2d 561). Here, the record does not support defendant's claim of innocence. Although defendant denied, in the course of the plea allocution, the allegation that he attempted to render the female victim unconscious, he nevertheless admitted that he punched her repeatedly with the intent to cause serious physical injury. Furthermore, there is no support in this record that defendant was induced or coerced into entering a plea agreement. In fact, before accepting defendant's plea, Supreme Court established, inter alia, that defendant discussed the consequences of entering such a plea with counsel and was not coerced into accepting the plea. Accordingly, we find that Supreme Court did not err in denying defendant's motion to withdraw his plea.

Defendant's challenges to his sentence are also without merit. Defendant contends that Supreme Court erred in failing

to provide him with an opportunity to withdraw his plea prior to the imposition of a different sentence once it was realized that an indeterminate sentence could not legally be imposed for a conviction of assault in the second degree, a class D violent felony (*see*, Penal Law § 70.02 [1] [c]; [2] [b]; [3] [c]). However, defendant, who was aware that the court could impose any sentence up to the maximum of seven years, admitted that his plea was not based on any promises made by either Supreme Court, his attorney or the People (*cf., People v Martin*, 278 AD2d 743). Under these circumstances, Supreme Court had the inherent power to correct the illegal sentence (*see generally, People v Williams*, 87 NY2d 1014; *see also, People v Fuller*, 286 AD2d 910, 912, *lv denied* 97 NY2d 682). Furthermore, to the extent that defendant challenges the severity of the sentence imposed, we find no abuse of discretion or extraordinary circumstances warranting modification in the interest of justice (*see, People v Mitchell*, 289 AD2d 776, 780).

The remaining issues raised by defendant, including his conclusory claims of bias on the part of Supreme Court, have been examined and found to be unpersuasive.

Mercure, Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.