■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BROWN, Appellant. [764 NYS2d 272] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 8, 2000, convicting defendant, after a jury trial, of two counts of attempted murder in the second degree, and sentencing him to consecutive terms of 20 years, unanimously affirmed.

The evidence presented at the *Sirois* hearings, and the inferences that logically flowed therefrom, supported the court's determination, by clear and convincing evidence, that an eyewitness had been threatened with death if she testified and that defendant was either responsible for, or acquiesced in, the intimidation (*see People v Cotto*, 92 NY2d 68 [1998]; *People v Geraci*, 85 NY2d 359, 370 [1995]; *see also United States v Mastrangelo*, 693 F2d 269 [1982]). As a result of this intimidation, the eyewitness testified at trial, but claimed total ignorance of the crime. Accordingly, the court properly found that defendant had forfeited his right of confrontation with respect to the eyewitness's grand jury testimony and properly allowed the prosecution to introduce that testimony as part of its direct case.

The court's delay in issuing its *Sirois* ruling until late in the trial was unavoidable under the circumstances, where the hearing was reopened on the basis of threats received by the eyewitness shortly before her testimony. Furthermore, defendant has not established that he was prejudiced by the timing of the ruling. When defendant elected not to cross-examine the eyewitness after she testified at trial and disclaimed any knowledge of the crime, he was aware that the court had deferred

final resolution of the *Sirois* issue. Accordingly, defendant made an informed waiver of any right to cross-examine the eyewitness concerning her trial testimony (*compare Cotto v Herbert,* 331 F3d 217, 248-253 [2003]).

Defendant's arguments concerning testimony relating to an alleged prior shootout between defendant and one of the victims are unpreserved (*see People v Inniss,* 83 NY2d 653, 658 [1994]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's rulings were proper exercises of discretion and that defendant's rights to confront witnesses and present a defense were not impaired (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.