■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOSANNAH, Appellant. [767 NYS2d 826]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered May 1, 2002, convicting him of assault in

the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied his right to a fair trial. First, the defendant's contention that the trial court improperly limited his ability to impeach the complainant is unpreserved for appellate review (*see People v George,* 67 NY2d 817 [1986]; *People v Sutherland,* 280 AD2d 622 [2001]; *People v Mercado,* 135 AD2d 661 [1987]). In any event, this contention is without merit (*see People v Bornholdt,* 33 NY2d 75 [1973], *cert denied sub nom. Victory v New York,* 416 US 905 [1974]; *People v Sorge,* 301 NY 198 [1950]; *People v Savastano,* 280 AD2d 498 [2001]; *People v Singh,* 262 AD2d 431 [1999]; *People v Coleman,* 195 AD2d 475 [1993]; *People v Meade,* 198 AD2d 307 [1993]). In addition, viewing the court's charge as a whole, the instructions regarding credibility adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of the complainant (*see People v Brown,* 220 AD2d 606 [1995]; *People v Inniss,* 192 AD2d 553 [1993], *affd* 83 NY2d 653 [1994]; *People v Sherman,* 156 AD2d 889 [1989]).

The defendant's remaining contention is without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.