■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMAS, Appellant. [929 NYS2d 135]—

The assault convictions were against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant was charged with assault in the first and second degrees (Penal Law § 120.10 [4]; § 120.05 [6]) solely on the theory that "[i]n the course of and in furtherance of the commission" of the felony of second-degree weapon possession, he caused serious physical injury or physical injury to the complainants.

The evidence at trial established that defendant fired several shots for no known reason, and apparently at random. Defendant wounded three persons on the street who were strangers to him, and walked away. The evidence did not establish that defendant shot the victims "in furtherance" of the underlying crime of weapon possession (*see People v Williams*, 255 AD2d 610 [1998], *lv denied* 93 NY2d 880 [1999]; *see also Langston v Smith*, 630 F3d 310, 315-320 [2d Cir 2011]). There was no evidence that defendant shot the victims to prevent them from disarming him, or that the shooting otherwise "furthered" the weapon possession.

We perceive no basis for reducing the sentence on the weapon possession conviction. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.