People v Wright (2023 NY Slip Op 00510)

People v Wright

2023 NY Slip Op 00510

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

5 KA 19-00536

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEDETRICE WRIGHT, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 28, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and assault in the second degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and assault in the second degree (§ 120.05 [2], [6]). The conviction arose from defendant's conduct following a fight that ensued at a house party. Specifically, defendant left the party, returned with a gun, and fired at two people, striking one in the arm.
Defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Inasmuch as defendant failed to raise that challenge in Supreme Court, it is not preserved for our review (see People v Reese, 206 AD3d 1461, 1462-1463 [3d Dept 2022]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]). Contrary to defendant's contention, her "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
Defendant failed to preserve for our review her contention that the fourth count of the indictment for assault in the second degree (Penal Law § 120.05 [6]) was rendered duplicitous by the court's jury instructions (see People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the evidence is legally insufficient to support the conviction with respect to count four. At the close of proof, defendant moved for a trial order of dismissal, and the court reserved decision. There is no indication in the record that the court ruled on that portion of defendant's motion with respect to count four (see generally CPL 290.10 [1]). Thus, we may not address defendant's contention because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on [the relevant part of] the . . . motion as a denial thereof" (People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020] [internal quotation marks omitted]; see People v Moore, 147 AD3d 1548, 1548-1549 [4th Dept 2017]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a ruling on that part of defendant's motion (see Bennett, 180 AD3d at 1358; Moore, 147 AD3d at 1549).
In light of our determination, we need not address defendant's remaining contentions.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court