People v Wright (2023 NY Slip Op 06612)

People v Wright

2023 NY Slip Op 06612

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, BANNISTER, AND OGDEN, JJ.

766 KA 19-00536

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEDETRICE WRIGHT, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 28, 2019. The appeal was held by this Court by order entered February 3, 2023, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (213 AD3d 1196 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her after a jury trial of two counts each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and assault in the second degree (§ 120.05 [2], [6]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to rule on that part of defendant's motion seeking a trial order of dismissal on the ground that the evidence is legally insufficient to support the conviction with respect to count four, for assault in the second degree under Penal Law § 120.05 (6) (People v Wright, 213 AD3d 1196, 1197 [4th Dept 2023]). Upon remittal, the court denied the motion. We now affirm.
Defendant contends that the evidence is legally insufficient with respect to count four because the crime of criminal possession of a weapon in the second degree cannot serve as the predicate felony for a conviction of assault in the second degree under Penal Law § 120.05 (6). We reject that contention, and conclude that the evidence at trial established that defendant shot the complainant in furtherance of the underlying crime of criminal possession of a weapon in the second degree (see § 120.05 [6]; cf. People v Thomas, 87 AD3d 867, 867 [1st Dept 2011], lv denied 17 NY3d 956 [2011]; see generally People v Henderson, 25 NY3d 534, 541 [2015]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court