People v Clark (2025 NY Slip Op 02102)

People v Clark

2025 NY Slip Op 02102

Decided on April 10, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2025

No. 61 SSM 1

[*1]The People & c., Respondent,
v
Cadarrell D. Clark, Appellant.

Submitted by Mary M. Whiteside, for appellant.
Submitted by Amy N. Walendziak, for respondent. 

MEMORANDUM:
The order of the Appellate Division should be affirmed.
Defendant was convicted of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) after a jury trial at which one of the victims identified him as one of the two persons who robbed her at gunpoint while she was seated in the passenger seat of a vehicle in mid-afternoon. Defendant contends that the evidence of identity was legally insufficient because the victim's identification was unreliable as a matter of law. To the extent that defendant preserved his contention for our review, we reject it. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Calabria, 3 NY3d 80, 81-82 [2004]).
Contrary to defendant's further contention, under the circumstances, the court's denial of his request to instruct the jury on photo array procedures does not constitute reversible error (see People v Inniss, 83 NY2d 653, 658-659 [1994]). Defendant failed to preserve his remaining challenges to the jury instruction for our review (see People v Harper, 7 NY3d 882, 882-883 [2006]).
On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided April 10, 2025