People v Clark (2025 NY Slip Op 02102)

People v Clark

2025 NY Slip Op 02102 [43 NY3d 1052]

April 10, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 17, 2025

[*1]

The People of the State of New York, Respondent,
v
Cadarrell D. Clark, Appellant.

Decided April 10, 2025

PROCEDURAL SUMMARY

Appeal, by permission of an Associate Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, entered July 3, 2024. The Appellate Division affirmed a judgment of the Supreme Court, Monroe County (Sam L. Valleriani, J.), which had convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and robbery in the second degree (two counts).

People v Clark, 230 AD3d 153, affirmed.

HEADNOTE

Crimes
 - Identification of Defendant
 - Legally Sufficient Evidence of Identity

The evidence of identity presented at defendant's jury trial at which one of the victims identified him as one of the two persons who robbed her at gunpoint while she was seated in the passenger seat of a vehicle in mid-afternoon was legally sufficient. Viewing the evidence in the light most favorable to the People, there was a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt. Moreover, under the circumstances, the court's denial of defendant's request to instruct the jury on photo array procedures did not constitute reversible error.
APPEARANCES OF COUNSEL

Mary Whiteside, North Hollywood, California, for appellant.
Sandra Doorley, District Attorney, Rochester (Amy N. Walendziak of counsel), for respondent.

{**43 NY3d at 1052} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) after a jury trial at which one of the victims identified him as one of the two persons who robbed her at gunpoint while she was seated in the passenger seat of a vehicle in mid-afternoon. Defendant contends that the evidence of identity was legally insufficient because the victim's identification was unreliable as a matter of law. To the extent that defendant preserved his contention for our review, we reject it. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Calabria, 3 NY3d 80, 81-82 [2004]).
Contrary to defendant's further contention, under the circumstances, the court's denial of his request to instruct the jury on photo array procedures does not constitute reversible error (see People v Inniss, 83 NY2d 653, 658-659 [1994]). Defendant failed to preserve his remaining challenges to the jury instruction for our review (see People v Harper, 7 NY3d 882, 882-883 [2006]).
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.