People v Brown (2025 NY Slip Op 04338)

People v Brown

2025 NY Slip Op 04338

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

444 KA 24-01625

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR J. BROWN, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Julie M. Hahn, J.), rendered June 29, 2023. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, attempted criminal possession of a weapon in the second degree and attempted criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [3]) (collectively, weapons offenses), and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), defendant contends that the evidence with respect to the weapons offenses is legally insufficient and that the verdict on those counts is against the weight of the evidence. More specifically, defendant asserts that the People failed to establish that he believed that the inoperable gun he possessed was operable. We reject defendant's contentions.
Although the jury, by its verdict with respect to the weapons offenses, evidently agreed with defendant that the firearm at issue was not operable, "it is well settled that a defendant may be convicted of attempted criminal possession of a weapon when [defendant] believes that the firearm is operable" even where, as here, the weapon turns out to be inoperable (People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]; see People v Saunders, 85 NY2d 339, 341-342 [1995]; Matter of David H., 255 AD2d 264, 264 [1st Dept 1998]). When apprehended after he fled on foot from the scene of a drug transaction, defendant said to the police, "You know how it is on these streets. Everyone needs [a gun]," suggesting that he possessed the gun for self-protection. The jury could reasonably have concluded that defendant would not have possessed the gun for self-protection if he knew it was not operable. The fact that the gun was loaded with nine rounds of ammunition also supports a finding that defendant believed that the gun was operable.
Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence—i.e., defendant's statement to the police and his possession of a loaded gun in public—provided a valid line of reasoning and permissible inferences to support the jury's finding that defendant believed that the gun was operable (see Matter of Lavar D., 90 NY2d 963, 965 [1997]; see generally People v Clark, — NY3d &mdash, 2025 NY Slip Op 02102, *1 [2025]; People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the weapons offenses as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict with respect to those offenses would not have been unreasonable (see Danielson, 9 NY3d at [*2]348), "it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Cleveland, 217 AD3d 1346, 1349 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv denied 41 NY3d 942 [2024]).
Defendant further contends that the People failed to comply with their discovery obligations under CPL 245.20 because they did not turn over Giglio material in a timely manner and that County Court should have therefore imposed a sanction pursuant to CPL 245.80. Even assuming, arguendo, that the People failed to comply with their initial discovery obligations by not turning over the police disciplinary records at issue in a timely manner, we conclude that defendant was not prejudiced by the belated disclosure. The records are innocuous in nature, and defendant had them in time for trial to use for impeachment purposes. Under the circumstances, we cannot conclude that the court erred in failing to impose a discovery sanction (see generally CPL 245.80 [1] [a]).
Defendant contends that the court provided confusing and conflicting instructions to the jury on the weapons offenses. Inasmuch as defendant did not object to those instructions, he failed to preserve his contentions for our review (see generally People v Wright, 213 AD3d 1196, 1196 [4th Dept 2023]; People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019]) and, inasmuch as the court's charge on the weapons offenses followed the Criminal Jury Instructions (see CJI2d[NY] Penal Law §§ 110.00, 265.02 [3]; 265.03 [3]), we decline to exercise our power to address defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants reversal of modification of the judgment.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court